UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUMINANT GENERATION COMPANY, LLC, and BIG BROWN POWER COMPANY, LLC<br><br>Defendants. | Civil Action No. 3:13-cv-3236-K |

BRIEF IN SUPPORT OF SIERRA CLUB'S
MOTION FOR LEAVE TO INTERVENE

Sierra Club respectfully moves to intervene pursuant to Section 304 of the Clean Air Act and Fed. R. Civ. P. 24(a). Section 304(b)(1)(B) provides that "any person may intervene as a matter of right" in a Clean Air Act enforcement suit brought by EPA or a state. 42 U.S.C. § 7604(b)(1)(B).

**I. BACKGROUND**

Luminant (formerly TXU) operates a fleet of large coal-fired power plants in Texas. Its Big Brown and Martin Lake plants consistently rank among the nation's top ten emitters of sulfur dioxide pollution. Big Brown is the second largest single source of nitrogen oxides, a precursor to smog, in the Dallas-Fort Worth area. The plants' emissions are very high mainly because Luminant has not been required to update the plants' pollution control equipment to modern standards. Constructed between 1971 and 1979, these plants benefited

1

from the Clean Air Act's "grandfathering" provisions, which exempted facilities commencing construction before August 7, 1977. 42 U.S.C. § 7475(a). However, the Clean Air Act also requires that if a plant owner modifies a plant in a manner that would result in increased emissions, the owner must apply for a permit and demonstrate that it is meeting the latest pollution control standards. *See* 42 U.S.C. §§ 7475(a)(1), 7479(1),(2)(C), (3). In this action, EPA contends that Luminant made seven such modifications of a type that would result in emission increases, removing the grandfather status of the plants, while failing to comply with the Clean Air Act's permit and pollution control requirements. 42 U.S.C. § 7413.

Sierra Club has a long history of working to protect and improve air quality in Texas, and over the past five years has prioritized enforcement of environmental laws against the highly polluting Luminant coal-fired power fleet.[1] Because these plants account for such a large portion of air pollution in Texas, and even the nation, Sierra Club has a strong interest in ensuring that modern pollution controls are required at these plants.

## II. GROUNDS FOR INTERVENTION

Citizens may enforce violations of an "emissions standard or limitation" under the Clean Air Act if neither EPA nor the state has commenced, and diligently prosecuted, an action to enforce the violations. 42 U.S.C. § 7604(a)(1), (b)(1)(B). An emissions standard or

---

[1] Sierra Club is currently litigating two citizen suits against Luminant regarding Clean Air Act violations at the Big Brown and Martin Lake plants. *See Sierra Club v. Energy Future Holdings Corp.*, No. 6:12-cv-108 (W.D. Tex.); *Sierra Club v. Energy Future Holdings Corp.*, No. 5:10-cv-156 (E.D. Tex.). Sierra Club has also given notice of its intent to sue on violations at two other facilities owned by Luminant, the Sandow 4 and Monticello plants, and has submitted extensive comments on the Texas Commission on Environmental Quality's renewal of the plants' air permits pursuant to Title V of the Clean Air Act.

limitation includes violations of any standard or limitation established under a Title V permit or a State Implementation Plan. 42 U.S.C. § 7604(f)(4). Where EPA *has* commenced an action to enforce such violations in court, the statute provides that "any person may intervene as a matter of right." 42 U.S.C. § 7604(b)(1)(B). The statute includes no limitation on that right.

Rule 24 of the Federal Rules of Civil Procedure states that on a timely motion to intervene, the Court "*must* permit anyone to intervene who… is given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a)(emphasis added). That is the case here. Sierra Club is given an unconditional right to intervene because EPA has brought an action to enforce violations of standards and limitations found in the Texas State Implementation Plan and Defendants' Title V permits for the Martin Lake and Big Brown plants. These are claims that would be subject to a citizen suit under 42 U.S.C. § 7604(a)(1) of the Act. Therefore, pursuant to 42 U.S.C. § 7604(b)(1)(B), any person, including Sierra Club,[2] may intervene as a matter of right.

Because Sierra Club's has an unconditional right to intervene, the Court must permit the intervention so long as it is timely.[3] Sierra Club's motion is timely. The Fifth Circuit has

---

[2] The Clean Air Act's definition of "person" includes corporations and associations. 42 U.S.C. §7602(e).
[3] The Fifth Circuit does not require standing under Article III of the Constitution for intervention. *Newby v. Enron Corp.*, 443 F.3d 416, 422 (5th Cir. 2006) (citing *Ruiz v. Estelle*, 161 F.3d 814, 830 (5th Cir. 1998)). Even if there were such a requirement, Sierra Club would be able to demonstrate direct and associational standing. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 181-85 (2000); *Lujan v. Defenders of Wildlife,* 504 U.S. 555 (1992); *Sierra Club v. Cedar Point Oil Co.*, 73 F.3d 546 (5th Cir. 1996). Sierra Club and its members have concrete interests that Luminant's Clean Air Act violations threaten directly, notably the cleanup of air pollution in areas where Sierra Club members live, work, and recreate in Texas and across state lines. Sierra Club and its members also have an interest in public participation in the decision making process that Luminant circumvented by failing to apply for the required permits to modify its plants.

held that the concept of "timeliness" in connection with a motion for leave to intervene is a flexible one, which is "left to the sound discretion of the trial court." *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1071 (5th Cir.1970). "The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994). Rule 24(a) is "to be construed liberally, ... and doubts resolved in favor of the proposed intervenor." *Id.* at 248 (internal citations and quotation omitted).

"The most important consideration in determining timeliness is whether any existing party to the litigation will be harmed or prejudiced" by the intervention. *McDonald v. E. J. Lavino Co.*, 430 F.2d at 1073. Intervention at this early stage of litigation will not delay this action, nor will it otherwise prejudice the parties. Since EPA commenced the case, there have been various delays, including the government shutdown. The Defendant filed a motion attacking the complaint and seeking a stay but has not yet answered. Discovery has not begun and the Court has not yet entered a scheduling order. Sierra Club does not seek to brief the pending Motion to Stay. Sierra Club's claims are a smaller subset of the claims alleged in the Complaint filed by the government. In sum, there is no prejudice whatsoever to the existing parties should the Court permit Sierra Club to intervene. The United States does not oppose Sierra Club's intervention.

Prejudice to the other parties "may well be the *only* significant consideration when the proposed intervenor seeks intervention *of right*. As one commentator has noted, 'the courts are in general agreement that an intervention of right under Rule 24(a) must be granted unless the petition to intervene would work a hardship on one of the original parties.'" *Id.* at

4

1073 (emphasis added) (internal citation omitted). In any event, the other factors considered in courts' typical evaluation of timeliness also support intervention.[4]

The first is the length of time between when a would-be intervenor learned of its interest in its case and when it sought to intervene. *Espy*, 18 F.3d at 1205. EPA commenced this case on August 16, 2013 by filing a Complaint that was sealed and unavailable to the public. Although Sierra Club was aware of a general interest in the case at the time it was filed, the United States did not file an unsealed version of the Complaint until November 18, 2013 providing Sierra Club with its first access to the details underlying the government's claims. Sierra Club has acted promptly to intervene after obtaining an unsealed version of the Complaint.[5]

Finally, Sierra Club would suffer prejudice if its motion to intervene is denied. As discussed in its accompanying Complaint, Sierra Club intends to participate in this litigation to ensure strong enforcement of the Clean Air Act and injunctive relief that addresses the plants' excessive air emissions. Adequacy of the existing parties to represent an intervenor's interests is not a factor where there is a statutory right to intervene.

Sierra Club satisfies each of the "timeliness" factors and, most importantly, no party will be prejudiced by its intervention at this time. Sierra Club's Motion to Intervene is therefore timely and "must" be permitted by the Court. Fed. R. Civ. P. 24(a); *see, e.g.*, *John Doe No. 1 v. Glickman*, 256 F.3d 371, 375-79 (5th Cir. 2001).

---

[4] These factors are a framework and "not a formula for determining timeliness." *John Doe No. 1 v. Glickman*, 256 F.3d 371, 376 (5th Cir. 2001).
[5] The Fifth Circuit considers "unusual circumstances" to be one factor in a timeliness determination. *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 250 (5th Cir. 2009). The claimed confidentiality of the Complaint could fall into that category.

III. **SIERRA CLUB ADOPTS EIGHT OF THE UNITED STATES' CLAIMS AND RESERVES THE RIGHT TO AMEND ITS COMPLAINT AFTER REVIEWING THE FULL CONTENTS OF THE SEALED COMPLAINT.**

As described in the accompanying Complaint in Intervention, submitted pursuant to Fed. R. Civ. P. 24(c), Sierra Club adopts eight of the Claims for Relief set forth in the government's Complaint. Sierra Club will seek to amend its Complaint in Intervention to include the redacted details once it gains access to the alleged "confidential business information" pursuant to a protective order or otherwise.

## CONCLUSION

For the reasons stated above, the Court should grant Sierra Club leave to intervene.

Dated: December 23, 2013                Respectfully submitted,

*/s/ Leighton Durham*
Leighton Durham
Kelly, Durham & Pittard, LLP
PO Box 224626
Dallas, Texas 75222
214-946-8000 Telephone

*Attorneys for Sierra Club*

# CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of December, 2013, I electronically filed the foregoing Brief in Support of Sierra Club's Motion for Leave to Intervene on Behalf of the United States with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

William B. Dawson
Michael L. Raiff
Gibson Dunn & Crutcher LLP
2100 McKinney Avenue
Dallas, Texas 75201
wdawson@gibsondunn.com
mraiff@gibsondunn.com

P. Stephen Gidiere III
C. Grady Moore, III
Thomas L. Casey, III
Balch & Bingham LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama 35203
sgidiere@balch.com
tcasey@balch.com

Daniel Jude Kelly
Associate General Counsel
Energy Future Holdings Corp.
1601 Bryan Street, 43rd Floor
Dallas, Texas 75201
dan.kelly@energyfutureholdings.com

Bradford T. McLane
U.S. Department of Justice
Environment & Natural Resources Division
601 D Street NW
Washington, DC 20004
bradford.mclane@usdoj.gov

Dimitri Narciso Rocha
United States Attorney's Office
1100 Commerce Street
Third Floor
Dallas, TX 75242
dimitri.rocha@usdoj.gov

Anna E. Cross
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Ben Franklin Station
Washington, DC 20044-7611
anna.cross@usdoj.gov

Elias L. Quinn
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Ben Franklin Station
Washington, DC 20044-7611

                                                               */s/ Leighton Durham*
                                                              Counsel for Sierra Club