**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 3:13-cv-3236-K |
| LUMINANT GENERATION ) | |
| COMPANY LLC and BIG BROWN ) | |
| POWER COMPANY ) | |
| LLC, ) | |
| ) | |
| Defendants. ) | |

## UNOPPOSED MOTION FOR LIMITED INTERVENTION BY SIERRA CLUB

Sierra Club respectfully moves to intervene pursuant to Federal Rule of Civil Procedure 24(a)(1) in the above-captioned case filed by the United States under the civil enforcement provisions of the Clean Air Act, 42 U.S.C. § 7413(b).[1] This motion is unopposed by Plaintiff and, subject to the conditions on Sierra Club's intervention set out below, unopposed by Defendants.[2]

Sierra Club was founded in 1892 and is a national environmental organization with a history of public education, advocacy, and litigation related to Clean Air Act compliance and enforcement. Nationwide, Sierra Club has approximately 1.4 million members and supporters, including over 22,000 dues-paying members in Texas.

---

[1] In issuing an earlier stay of this case, the Court denied all pending motions, including Sierra Club's motion to intervene (ECF No. 38), without prejudice to refile once the Court's stay was lifted. ECF No. 41 at 1.

[2] Because this motion is unopposed, a separate brief is not required. *See* Local Rule 7.1(d) & (h).

Intervention under Rule 24(a)(1) is appropriate where the movant "is given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a)(1). Under the Clean Air Act's citizen suit provision, in any action where the U.S. Environmental Protection Agency ("EPA") "has commenced and is diligently prosecuting a civil action in a court of the United States . . . to require compliance with the standard, limitation, or order, . . . any person may intervene as a matter of right." 42 U.S.C. § 7604(b)(1)(B). Pursuant to these provisions, Sierra Club moves to intervene as a plaintiff in this action as a matter of right.[3]

Plaintiff United States does not oppose this motion. Counsel for Sierra Club has conferred with Counsel for Defendants regarding this motion, the previous version of which (ECF No. 38) Defendants opposed. Without conceding that Sierra Club would be able to maintain similar claims in its own lawsuit, that Sierra Club could establish intervention of right if intervention was opposed by Defendants, or that the government's complaint properly seeks to require compliance with any standard, limitation, or order under the Clean Air Act, Defendants do not oppose Sierra Club's intervention in this case subject to the following limitations:[4]

> (a) Sierra Club must comply with this case's scheduling order, and with all other prior and future orders issued in this case.
>
> (b) Sierra Club may not expand the litigation's scope by introducing new claims or expanding the scope of the government's claims.
>
> (c) Sierra Club may not independently serve discovery requests, although it has the right to receive copies of materials that Luminant has filed with the court or produced to the

---

[3] The Clean Air Act's definition of "person" includes corporations and associations. *See* 42 U.S.C. § 7602(e).

[4] As the Fifth Circuit has explained, "reasonable conditions may be imposed even upon one who intervenes as of right." *Beauregard, Inc. v. Sword Servs. L.L.C.*, 107 F.3d 351, 352–53 (5th Cir. 1997) (relying on Advisory Committee Note to the 1966 Amendment of Rule 24(a)); *see also DataTreasury Corp. v. Electronic Data Systems Corp.*, No. 3:02-CV-2643, 2003 WL 22019528 at *1 (N.D. Tex. Aug. 26, 2003) (Kinkeade, J.) (order imposing restrictions on intervenor as of right).

United States in discovery subject to any protective order agreed to by the United States and Defendants that is entered by the Court.

(d)  Sierra Club consents to entry of a protective order in the form agreed to by the United States and Defendants, or as entered by the Court, to protect confidential information from public disclosure.  Subject to such a protective order, Sierra Club shall have complete access to, and be entitled to rely upon for purposes of this case only, any and all documents produced at trial or during discovery, including but not limited to all documents Luminant provided to EPA in response to the agency's information request under section 114 of the Clean Air Act that accompanied EPA's referral to the Department of Justice for enforcement of alleged Clean Air Act violations at Defendant's electric generating facilities in this case.

(e) Sierra Club may not notice depositions or ask questions of any witnesses other than its own at depositions, although it may attend and observe depositions noticed by the United States.

(f) Sierra Club may not file motions other than as set forth in subsection (g).  Sierra Club may file a brief in support of a dispositive motion by the government.  Defendants will be entitled to file separate, additional briefs in response to any brief filed by Sierra Club, or may file a single double-length brief in response to both the government's and Sierra Club's briefs on the same motion.

(g) Sierra Club may file nondispositive procedural motions that are consistent with, and related to, its participation in the proceedings as set forth in subsection (i), provided that, after conferring with the United States, the United States agrees that such motions are not duplicative of procedural motions filed by the United States.  Any filing must include a certification of compliance with this conference requirement.  The other parties are not required to confer with Sierra Club or obtain its consent prior to filing any motion.

(h) Sierra Club may participate in any mediation.

(i) Sierra Club may attend court proceedings, but its participation is limited to calling no more than two witnesses at trial.  To the extent Sierra Club intends to call witnesses, it must disclose those witnesses in accordance with the rules and orders applicable to the parties' disclosures and subject to the same restrictions.  Defendants shall be entitled to full written and deposition discovery relating to the testimony of Sierra Club's witnesses.  Sierra Club may not participate in live court proceedings other than to present and defend the testimony of its two witnesses.

(j) Other than the full discovery of witnesses provided for in paragraph (i) above, Defendants will not propound discovery on Sierra Club with respect to the government's claims.

In light of Defendants' agreement not to oppose this motion, Sierra Club agrees to these limitations on its participation in this case and respectfully requests that the Court enter the attached order permitting it to intervene in this case subject to the limitations therein.

Respectfully submitted this 14th day of September, 2015,

/s/Leighton Durham
Leighton Durham
Kelly, Durham & Pittard, LLP
PO Box 224626
Dallas, Texas 75222
214-946-8000
214-946-8433 (Fax)
ldurham@kdplawfirm.com

David Nicholas, Esq.
(*pro hac vice* motion to be filled)
20 Whitney Road
Newton, Massachusetts  02460
(617) 964-1548
(617) 663-6233 (fax)
dnicholas@verizon.net

Joshua Smith
(*pro hac vice* motion to be filled)
SIERRA CLUB
85 Second Street, Second Floor
San Francisco, CA 94105
(415) 977-5725
(415) 977-5793 (fax)
joshua.smith@sierraclub.org

*Counsel for Sierra Club*